IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 3:07CR98-HEH |
| | ) | Civil Action No. _____ |
| KENNETH W. TUCKER | ) | |

## MEMORANDUM OPINION
(Dismissing Motion To Review De Novo As Unauthorized Successive § 2255)

On June 22, 2007, this Court sentenced Tucker to a 144-month term of imprisonment. Subsequently, this Court denied Tucker's motions to reduce his sentence pursuant to 18 U.S.C. § 3582 and to vacate pursuant to 28 U.S.C. § 2255. On April 26, 2010 Tucker noted an appeal with the United States Court of Appeals for the Fourth Circuit. On June 16, 2010, the Court received Tucker's "MOTION TO REVIEW DE NOVO." (Dk. No. 81.) Tucker contends that he is entitled to relief because the district court imposed a sentence in violation of the Constitution or laws of the United States. The motion is a successive, unauthorized 28 U.S.C. § 2255 motion.

This Court has limited jurisdiction to modify or amend a criminal sentence once imposed. *See* 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except" upon motion of the Director of the Bureau of Prisons, under Federal Rule of Criminal Procedure 35, or where a term of imprisonment has been lowered by the Sentencing Commission). His single cursory reference to "retroactivity of the use of 18 USC 3582(c)(2) Nov. 1, 2007" notwithstanding, Tucker does not identify any amendments that have lowered his sentencing range. (Mot. Review De Novo 1.)

Rather, Tucker argues that the Court erroneously applied the law as it stood at the time of his sentencing.

A motion pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'" *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). This Court lacks jurisdiction to entertain a second 28 U.S.C. § 2255 motion from Tucker absent authorization from the Fourth Circuit. 28 U.S.C. § 2244(b)(3)(A). Tucker cannot avoid that result by simply omitting reference to 28 U.S.C. § 2255 in his submission. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004); *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003) (emphasizing that inmates may not circumvent the limitations on successive § 2255 motions simply by inventive labeling). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail-Card; the name makes no difference. It is substance that controls." *Melton*, 359 F.3d at 857 (citing *Thurman v. Gramley*, 97 F.3d 185, 186-87 (7th Cir. 1996) (overruled on other grounds)). "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." *Id.*

Tucker's current motion claiming that the Court violated his constitutional rights in calculating his offense level and criminal history falls squarely within the ambit of 28

U.S.C. § 2255(a). *See* 28 U.S.C. § 2255(a) ("A prisoner . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Petitioner is entitled to further consideration in this matter. A certificate of appealability is therefore DENIED.

The Clerk will be DIRECTED to file the present action as an unauthorized successive motion under 28 U.S.C. § 2255.

The action will be DISMISSED for want of jurisdiction.

3

The Clerk will be DIRECTED to send a copy of this Memorandum Order to counsel for the United States.

An appropriate Order will accompany this Memorandum Opinion.

/s/
UNITED STATES DISTRICT JUDGE

Richmond, Virginia
Date: Dec 8, 2010